## York Consumer Discount Co. v. Hartman

*William H. Neff, Jr.,* for plaintiff.
*Mark Woodbury, III,* for defendant.

BLAKEY, *J.,* March 15, 1977—This matter is before the court on defendant's demurrer to the complaint for disposition in accordance with our local rules following submission of briefs. Oral argument has been requested but is not deemed necessary.

Plaintiff filed this action in replevin seeking to recover possession of a boat and motor in which it held a purchase money security interest perfected without filing pursuant to section 9-401 of the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §9-401. The property was brought to sheriff's sale upon execution of another creditor of the purchaser. Defendant, an unsuccessful bidder at the sheriff's sale, purchased the property immediately after the sale from the executing creditor who assigned his bid. It is agreed that the boat and motor constitute consumer goods under the code and were purchased for value for personal use. The complaint does not aver that defendant was aware of plaintiff's interest. To the contrary, the parties agree that she purchased without knowledge of the security interest for the sum of $1,700.

Section 9-307(2) of the Uniform Commercial Code provides as follows: "(2) In the case of con-

sumer goods and in the case of farm equipment having an original purchase price not in excess of $2,500 (other than fixtures, see Section 9-313), a buyer takes free of a security interest even though perfected if he buys without knowledge of the security interest, for value and for his own personal, family or household purposes or his own farming operations unless prior to the purchase the secured party has filed a financing statement covering such goods."

Plaintiff concedes that a purchaser for personal use, for value, without knowledge of the security interest would ordinarily purchase clear of the creditor's claim. However, plaintiff contends that this rule does not apply when the interest of the debtor was transferred at a sheriff's sale as the result of an execution, citing National Shawmut Bank of Boston v. Vera, 352 Mass. 11, 223 N.E. 2d 515 (1967). Simply stated, the issue before us is whether the Pennsylvania courts should follow the Massachusetts decision and construe our code to similarly limit section 9-307 (2) to situations where a purchaser has acquired consumer goods from another consumer in a more typical manner.

We adopt the view that the code means what it says. The section clearly states the conditions on which a buyer will take free of a perfected security interest. The stated conditions do not support plaintiff. Moreover, we are not persuaded that the policy of the act requires us to write into the code an additional condition not included by the legislature. The Massachusetts court focused its concern on the impact of the sheriff's sale on the creditor. Curiously, the opinion does not appear to consider the impact upon the purchaser, who has paid value in good faith, with no knowledge of a secu-

rity interest and no way to ascertain the same. As we read the code, our legislature made the choice between the two innocent parties, favoring the consumer who cannot protect himself against the creditor who can, by filing. Further, the interpretation of the statute which plaintiff seeks would, in our judgment, adversely affect future sheriff's sales to the detriment of both debtors and creditors.

In short, we conclude that the position of plaintiff is not supported by the language of the code, persuasive authority or policy. Consequently, we will enter an order sustaining the demurrer of defendant.

## ORDER

And now, March 15, 1977, the demurrer to the complaint is sustained. As plaintiff has acknowledged the fact that it cannot amend the complaint to aver knowledge, the complaint is dismissed. We grant plaintiff an exception.